

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

March 24, 1976

Mr. O. W. McStay                                    Opinion No. H-801
Executive Secretary
State Board of Barber Examiners       Re:  Right of Board of
512 Sam Houston State Office Bldg.    Barber Examiners to refuse
Austin, Texas  78701                  renewal of barber's
                                      license on grounds of
                                      his incarceration.

Dear Mr. McStay:

You ask:

> Does the State Board of Barber Examiners
> have the right to refuse a licensee's
> application for renewal of his barber's
> license if he is incarcerated at the time
> the application is made?

Section 21 of article 8407a, V.T.C.S., the Texas Barber
Law, reads:

> The board [of barber examiners] shall
> either refuse to issue or to renew, or
> shall suspend or revoke any certificate
> of registration for any one of, or a
> combination of the following causes:
>
> (A)  Gross malpractice;
> (B)  Continued practice by a
> person knowingly having an infectious
> or contagious disease;
> (C)  Advertising by means of know-
> ingly making false or deceptive statements;
> (D)  Advertising, practicing, or
> attempting to practice under another's
> trade name or another's name;

        (E)  Habitual drunkenness or habitual addiction to the use of morphine, cocaine, or other habit-forming drugs;
        (F)  The commission of any of the offenses described in Section 24 of this Act;
        (G)  No certificate shall be issued or renewed, unless and until each applicant shall present a health certificate from a regular practicing medical doctor showing that the applicant is free from any kind of infectious or contagious diseases, tuberculosis, communicable diseases, and free from the use of any kind of morphine, cocaine, or other habit-forming drug, or a habitual drunkard and that said applicant shall make affidavit to said medical examiner that all of the said facts are true.

"Incarceration" is not a synonym for "conviction." It can occur when the person incarcerated is guilty of nothing. See U.S. v. Mills, 434 F.2d 266 (8th Cir. 1970).

A licensing agency for a business or profession is not empowered to make standards which are different from or inconsistent with those of the controlling statute, even though they may be reasonable and may be administered reasonably. Bloom v. Texas State Board of Examiners of Psychologists, 492 S.W.2d 460 (Tex.Sup. 1973); Murphy v. Mittelstadt, 199 S.W.2d 478 (Tex.Sup. 1947). Cf. Texas State Board of Examiners in Optometry v. Carp, 412 S.W.2d 307 (Tex.Sup. 1967); Turner v. Bennett, 108 S.W.2d 967 (Tex.Civ.App. -- Beaumont 1937, no writ). Article 8407a specifies the eight broad reasons the Board of Barber Examiners may assign for refusing to renew a barber's license and "suffering incarceration" is not one of the enumerated reasons. Nor is incarceration an "offense" under section 24 as incorporated by paragraph F of section 21. Of course, a person's incarceration may provide notice to the Board that one of the eight may be applicable.